In re Petition for REINSTATEMENT to the Practice of Law OF Robert Carl FRIDAY, Registration No. 294172.

No. A10–1887.

Supreme Court of Minnesota.

June 1, 2011.

## ORDER

In January 2005, we suspended petitioner Robert Carl Friday from the practice of law for a minimum of six months for failing to diligently pursue representation, failing to adequately communicate with the client, making misrepresentations to the client and to the court, billing a client for services not performed, practicing while fee-suspended, failing to timely file state and federal income tax returns, and failing to cooperate with an investigation by the Director of the Office of Lawyers Professional Responsibility of these matters. *In re Friday*, 690 N.W.2d 559 (Minn.2005). In October 2010, Friday petitioned for reinstatement to the practice of law. The petition was heard by a panel of the Lawyers Professional Responsibility Board, which has filed findings of fact and conclusions of law with the court. The panel recommends that Friday be reinstated to the practice of law, subject to two years of supervised probation and other conditions. Friday and the Director agree with the panel's recommendation.

We have independently reviewed the file and agree with the panel's recommendation.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that effective as of the date of filing of this order, petitioner Robert Carl Friday is reinstated to the practice of law and placed on probation for a period of two years, subject to the following conditions:

(a) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(b) Petitioner shall cooperate with the Director's efforts to monitor compliance with this probation. Petitioner shall provide the Director with a current mailing address and shall promptly notify the Director of any change of address. Petitioner shall promptly respond to the Director's correspondence by its due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention, and at the Director's request shall authorize the release of information and documentation to verify compliance with probation.

(c) Petitioner shall totally abstain from alcohol and other mood-altering substances, except that petitioner may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of petitioner's chemical dependency.

(d) Petitioner shall attend weekly meetings of Alcoholics Anonymous or other outpatient alcohol treatment program acceptable to the Director. By the tenth day of each month of probation, petitioner shall without a specific reminder or request provide the Director with written verification of his attendance, on a form provided by the Director. Such attendance verification shall also, upon request, be provided to petitioner's disciplinary probation supervisor.

(e) During any period of probation in which petitioner practices law, petitioner shall be supervised, by a licensed Minnesota attorney appointed by the Director, under the following additional conditions:

(1) Within two weeks of the date of filing of this order, petitioner shall provide the Director with the names of four attorneys who have agreed to act as petitioner's supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, petitioner shall on the first day of each month provide the Director with an inventory of active client files, as described in paragraph (2) below. Petitioner shall make active client files available to the Director upon request.

(2) Petitioner shall cooperate fully with the supervisor's efforts to monitor his compliance with probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, petitioner shall provide the supervisor with an inventory of all active client files that discloses the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

BY THE COURT:

/s/Alan C. Page
Associate Justice